UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUAN MORALES-SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | Case No. 2:26-cv-02697-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I. ORDER

On July 30, 2026, Petitioner filed a petition for a writ of habeas corpus arguing that Immigration and Customs Enforcement ("ICE") agents violated his due process rights when they arrested him on June 12, 2026. Dkt. 1 ¶ 32. Petitioner alleges that he has resided in the United States for more than 10 years, has maintained employment, has no criminal history, and was not apprehended at or near the border. Dkt. 1 ¶¶ 3–4. Petitioner requests that the Court either order his immediate release or a bond hearing to be conducted by an Immigration Judge ("IJ") within seven days. Dkt. 1 at 11.

On August 14, Respondents filed their response in which they concede that the Petitioner is a Bond Denial Class member under *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). Dkt. 6 at 2. Respondents also concede that as a class member, Petitioner is detained under

8 U.S.C. § 1226(a) and entitled to a bond hearing. *Id*. Respondents argue that immediate release is not the appropriate relief for a *Rodriguez Vazquez* class member. *Id*. On August 19, Petitioner filed a traverse disputing Respondents' characterization of this case as one based solely on statutory interpretation and arguing again that Petitioner's due process rights were violated when ICE arrested him without first providing notice and a hearing. Dkt. 8 at 2.

The Court agrees with Respondents that the Petitioner is a Bond Denial Class member under *Rodriguez Vazquez*. The Court also agrees that immediate release is not the appropriate remedy. Under Section 1226(a), Petitioner is entitled to a bond redetermination hearing, not release. The procedural due process cases from this district cited by Petitioner all concern noncitizens whom the government had either affirmatively allowed to remain at liberty pending removal proceedings or chosen not to detain despite express knowledge of their presence in the United States. *See, e.g.*, *Tello Vazquez v. Mullin*, No. C26-2039-KKE, 2026 WL 1911507, at *2 (W.D. Wash. July 2, 2026) (finding government had acquiesced to petitioner's liberty by not detaining him for years after visa overstay); *Singh v. Mullin*, No. 2:26-cv-02022-TLF, Dkt. 11 (W.D. Wash. July 14, 2026) (finding government had acquiesced to petitioners' liberty by not detaining them for years after affirmative applications for asylum and withholding of removal); *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441, at *2 (N.D. Cal. Feb. 25, 2026) (same); *A.B.J.C. v. Hermosillo*, No. 2:26-cv-00185-JNW, 2026 WL 497097, at *3 (W.D. Wash. Feb. 23, 2026) ("the Government released A.B.J.C. in 2020, affirmatively moved to dismiss his removal proceedings in 2022, and acquiesced in his continued liberty for six years").

In contrast, the record shows Petitioner had not been detained, placed in removal proceedings, or filed applications for affirmative relief since his last entry into the country more than ten years ago. *See* Dkt. 7. While the facts alleged by Petitioner about his residence, employment, and lack of criminal history could make him a good candidate for release on bond,

he does not cite any persuasive authority for the proposition that due process required pre-arrest notice and a hearing simply because he had resided in the United States for many years without detection. And while the Ninth Circuit has left open the possibility of as-applied challenges to § 1226(a)'s procedures, it has held that those procedures facially "satisfy due process." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1213 (9th Cir. 2022). That holding binds this Court, and Petitioner has not shown that the statute's procedures for determining bond after arrest are unconstitutional as applied to him.

Accordingly, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within seven days of receiving Petitioner Juan Morales-Sanchez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a). Petitioner must request a bond hearing to receive this relief.

3. If Petitioner is released, Respondents must return to Petitioner any personal property, including any personal identification document (other than a passport) and any employment authorization document.

4. Nothing in this order prevents an Immigration Judge from granting a request by Petitioner for a continuance in his bond proceedings.

Dated this 1st day of September, 2026.

Tiffany M. Cartwright
United States District Judge